FILED
99 DEC -9 PM 1:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

IN THE MATTER OF: )
)
    GLOBAL CUSTOM VANS, INC. ) BKCY.NO. 95-41426-JSS-7
)
                   Debtor. )

GLOBAL CUSTOM VANS, INC., )
)
              Appellant, )
)
    v. ) CIVIL ACTION NO. 99-G-0257-E
)
RONNIE MUMMAH, as personal )
representative of the estate of )
Myrtis L. Mummah, )
) ENTERED
              Appellee. ) DEC 0 9 1999
)
ROCCO J. LEO, )
              Trustee. )

MEMORANDUM OPINION

This cause is before the court on appeal from an order entered by the Bankruptcy Court for the Northern District of Alabama on December 14, 1998, overruling the Debtor's contest of the claim of Ronnie Mummah. The claim of Ronnie Mummah arises out of the sale by the debtor, Global Custom Vans, Inc. ("Global"), of a van to Myrtis Mummah. Myrtis Mummah gave two checks in payment for the van. One of the checks was for $5,220.25. Myrtis Mummah stopped payment on that check and



eventually Global obtained the services of a repossession company, Alabama Investigations and Recovery Corporation ("AIR"), which repossessed the van on April 11, 1992. On April 21, 1992, Myrtis Mummah executed a promissory note for $5,750 and Global returned the van. Myrtis Mummah apparently made only a few payments on the promissory note and then filed for bankruptcy.

On April 23, 1992, Myrtis Mummah filed suit against Global, its owner, Rod Lowery, and AIR for conversion related to the repossession of the van. A default judgment was apparently entered against AIR on December 4, 1992. The case proceeded against Global and was dismissed on June 21, 1995, one day following Global Vans having filed a suggestion of Bankruptcy. The dismissal is noted on the case action summary sheet as being by agreement of the parties.

On May 18, 1998, Ronnie Mummah, as personal representative of the estate of Myrtis Mummah, filed a proof of claim in Global's bankruptcy case. The claim's basis is the December 4, 1992, default judgment against AIR. The debtor, Global, filed an objection to the claim on October 31, 1998. A hearing on Global's objection was held on December 9, 1998, and Global's objection was overruled.

Ronnie Mummah's proof of claim contains the following typed description of its basis: "Judgment rendered 12/4/92 against Alabama Investigations and Recovery Corp for" [the sentence is not completed]. The rationale given by the bankruptcy judge for overruling the objection is as follows:

2

> The proof of claim purports to be based upon a judgment rendered 12/4/92 against Alabama Investigations and Recovery Corporation in Jefferson County. The evidence is that Alabama Investigations and Recovery was acting at the behest of the debtor-in-possession in repossessing the vehicle. The claim asserts that that entity was the agent of the debtor-in-possession, which would render the debtor-in-possession liable. The objection to the proof of claim does not meet its burden of proof to establish that there is no claim. The objection is overruled.

(Exhibit 11 to Appellant's designation of items to be included on appeal at p. 29.)

The bankruptcy judge's finding is clearly erroneous and the proof of claim is invalid on its face. It is axiomatic that the default of one defendant does not operate as an admission of the allegations of the complaint as against a co-defendant.

> The default of one defendant, although an admission by it of the allegations in the complaint, does not operate as an admission of such allegations as against a contesting co-defendant even thought [sic] the defendants may be inextricably joined.

Am. Jur. 2d <u>Agency</u> § 282 (1994).

> It is clear that the default of one defendant does not relieve the complainant of the necessity of establishing his or her case against those who appear and plead.

Am. Jur. 2d <u>Agency</u> § 307 (1994).

> An admission predicated upon a default is only operative against the particular party who makes default, and does not bind a codefendant who appears and contests the litigation. Moreover, a judgment entered against one set of defendants may not be used as an admission of a disputed evidentiary matter by the non-defaulting defendants.

Am. Jur. 2d <u>Agency</u> § 321 (1994). That Myrtis Mummah might have had a valid claim for conversion against Global is irrelevant to the proof of claim filed by Ronnie

Mummah. The proof of claim is based solely upon the default judgement against AIR, which does not bind Global. There is nothing in the proof of claim to indicate that AIR was acting within the scope of its agency in allowing a default judgment to be taken.

Although a proof of claim filed in accordance with the bankruptcy rules constitutes "prima facie evidence of the validity and amount of the claim," (Bankruptcy Rule 3001(f)) a claim that is invalid on its face is entitled to no presumption of correctness. "A bankruptcy judge has broad equitable powers to inquire into the validity of a claim." In re Six, 80 F.3d 452, 457 (11th Cir. 1996). In the present case, a cursory review of the claim would have revealed that it was not based upon any direct claim against Global, but rather was based upon an implied[1] derivative liability of Global for the actions of AIR. Had the claim set forth the reason Global was allegedly derivatively liable based upon the default judgment, it might be entitled to some deference. However, in the absence of such recitation, the proof of claim was entitled to no more presumption of validity than if it had listed as its basis that some entity with no connection whatsoever with the debtor was liable to Ronnie Mummah.

---

[1] The claim itself does not assert any reason why Global should be liable for a default judgment entered against AIR. Although Global might be liable for the acts of its agent, AIR, it is clearly not liable merely because a default judgment was entered against AIR. This is made abundantly clear by virtue of the fact that the action brought by Myrtis Mummah continued against Global even after AIR had been defaulted.

4

For the above reasons the decision of the bankruptcy judge overruling Global's objection to the claim must be reversed. An appropriate order will be entered contemporaneously herewith.

DONE this 9th day of December 1999.

```
_____
UNITED STATES DISTRICT JUDGE
       J. FOY GUIN, JR.
```